UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| DAVID GREENLEE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YELLOWBOOK, INC., )<br>)<br>Defendant. )<br>_____ ) | Hon. Judge John E. Steele<br><br>Case No: 2:12-cv-238-JES-DNF |

**DEFENDANT YELLOWBOOK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant Yellowbook, Inc. ("Yellowbook"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Complaint – Injunctive Relief Sought ("Complaint") and states as follows.

Yellowbook responds to Plaintiff's allegations using the same corresponding paragraph numbers that appear in the Complaint. Yellowbook uses the headings employed by Plaintiff strictly as a convenience to the Court and does not admit any of the allegations or innuendo suggested by such headings. All factual allegations not expressly admitted herein below are denied.

**JURISDICTION AND VENUE**

1.   This action arises under the federal Copyright Act of 1976, Title 17, United States Code. Jurisdiction is founded on Title 28, United States Code, Section 1338(a).

**ANSWER:**   Yellowbook states that the plaintiff, DAVID GREENLEE ("Plaintiff"), has purported to set forth a claim for copyright infringement arising under the

federal Copyright Act of 1976. While denying the validity and merit of Plaintiff's copyright infringement claim, Yellowbook admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a). The remainder of Paragraph 1 contains legal conclusions and, to that extent, does not require an answer. To the extent an answer is required, Yellowbook denies the remaining allegations in Paragraph 1.

2. Venue is conferred by Title 28, United States Code, Section 1400(a).

**ANSWER:** Yellowbook denies the validity and merit of Plaintiff's copyright infringement claim. Yellowbook admits that venue is proper in this Court pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff, DAVID GREENLEE, is a photographer who resides in Charlotte County, Florida, and is otherwise *sui juris*.

**ANSWER:** Yellowbook is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations set forth in Paragraph 3 and, therefore, denies the allegations in Paragraph 3.

4. Defendant, YELLOW BOOK, INC. SALES, is a foreign corporation registered in the State of Florida, with its principal place of business in **Uniondale, New York**.

**ANSWER:** Yellowbook denies that it is called "YELLOW BOOK, INC. SALES." Yellowbook admits that "YELLOWBOOK INC." is registered to conduct business in the State of Florida and that its principal place of business is in Uniondale, New York.

## COUNT I
## COPYRIGHT INFRINGEMENT

5. Plaintiff re-alleges Paragraphs 1 through 4 as if fully set forth herein.

**ANSWER:** Yellowbook restates and realleges its answers to Paragraphs 1 through 4 as though fully set forth herein.

6. Plaintiff is a photographer that was retained by the law firm of Brian Sutter and All Injuries Law Firm, P.A. ("AILF") to photograph AILF's firm members and staff for potential use in AILF's advertising and marketing materials. Plaintiff created several original photographs (hereinafter the "Protected Work") to which Plaintiff retained all copyright rights and interest. The Protected Work and the contents thereof are proper subject matter for copyright protection under the Federal Copyright Act of 1976 of the United States. Reduced copies of the Protected Work are attached hereto and incorporated herein as ***Composite Exhibit 1***.

**ANSWER:** Yellowbook is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 6, and therefore, denies the allegations in the first sentence of Paragraph 6. Yellowbook admits that copies of certain photographs are attached to Plaintiff's Complaint as Composite Exhibit 1. Composite Exhibit 1 speaks for itself, and Yellowbook denies any inconsistent allegation in Paragraph 6. The remainder of Paragraph 6 contains legal conclusions and, to that extent, does not require an answer. To the extent an answer is required, Yellowbook is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 and, therefore, denies any remaining allegations in Paragraph 6.

7. Plaintiff's Protected Work was created by Plaintiff as an original work in or around October of 2008.

**ANSWER:** Yellowbook is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations set forth in Paragraph 7 and, therefore, denies the allegations in Paragraph 7.

8. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights of the Protected Work. Plaintiff sought and received from the Register of Copyrights a certificate of registration for the Protected Work. The certificate of registration for the Protected Work is dated and identified as follows: "March 10, 2011; VA 1-766-571." Said certificate of registration is attached and incorporated herein as ***Exhibit 2***.

**ANSWER:** Yellowbook admits that a certificate of registration is attached to Plaintiff's Complaint as Exhibit 2. Exhibit 2 speaks for itself, and Yellowbook denies any inconsistent allegation in Paragraph 8. The remainder of Paragraph 8 contains legal conclusions and, to that extent, does not require an answer. To the extent an answer is required, Yellowbook is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations set forth in Paragraph 8 and, therefore, denies the remaining allegations in Paragraph 8.

9.      Plaintiff is the owner of the entire right, title and interest in and to the Protected Work, and in and to the copyrights thereon and the registration thereof.

**ANSWER:** Paragraph 9 contains legal conclusions and, to that extent, does not require an answer. To the extent an answer is required, Yellowbook is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and, therefore, denies the allegations in Paragraph 9.

10.     Unbeknownst to Plaintiff, Brian Sutter and/or AILF contracted with Defendant, Yellowbook, to use Plaintiff's photographs on the cover of hundreds of thousands of Yellowbook publications in numerous cities and counties in Southwest Florida. Representative samples of such publications are attached hereto as *Composite Exhibit 3*.

**ANSWER:** Yellowbook admits that it entered into one or more contracts with All Injuries Law Firm, P.A. and Brian Sutter to publish advertisements in particular Yellowbook publications. The photographs which appear in the advertisements were provided to Yellowbook by or at the direction of All Injuries Law Firm, P.A. and Brian Sutter. Yellowbook admits that what purports to be excerpts from two of its publications are attached to Plaintiff's Complaint as Exhibit 3. Exhibit 3 speaks for itself, and Yellowbook denies any inconsistent allegation in Paragraph 10. Yellowbook denies the remaining allegations contained in Paragraph 10.

11.     Defendant has copied, reproduced, distributed, and used Plaintiff's Protected Work, and may continue to do so without Plaintiff's permission or authorization by displaying the Protected Work in the referenced materials to promote and advertise AILF's services.

**ANSWER:**  Paragraph 11 contains legal conclusions and, to that extent, does not require an answer.  To the extent an answer is required, Yellowbook denies the allegations in Paragraph 11.

12.     Defendant has violated Plaintiff's exclusive copyrights by copying, reproducing and/or making derivative copies of the Protected Work, thereby engaging in infringement of Plaintiffs copyrights in violation of 17 U.S.C. §501, *et. seq*.

**ANSWER:**  Paragraph 12 contains legal conclusions and, to that extent, does not require an answer.  To the extent an answer is required, Yellowbook denies the allegations in Paragraph 12.

13.     Alternatively, Defendant is vicariously liable because it had the right and ability to control and supervise the infringing activity.  Defendant also has a direct financial interest and benefit in the infringing activity.

**ANSWER:**  Paragraph 13 contains legal conclusions and, to that extent, does not require an answer.  To the extent an answer is required, Yellowbook denies the allegations in Paragraph 13.

14. Alternatively, Defendant is contributorily liable for the acts of infringement alleged herein because it knowingly aided, induced or contributed to direct copyright infringement by others.

**ANSWER:** Paragraph 14 contains legal conclusions and, to that extent, does not require an answer. To the extent an answer is required, Yellowbook denies the allegations in Paragraph 14.

15. Plaintiff is entitled to recover its actual damages incurred as a result of the Defendant's infringing activities, as well as any profits of the Defendant infringers.

**ANSWER:** Paragraph 15 contains legal conclusions and, to that extent, does not require an answer. To the extent an answer is required, Yellowbook denies the allegations in Paragraph 15. Further answering, it is unclear what Plaintiff means by the plural "Defendant infringers," as there is only one Defendant in this action.

16. Any continued unauthorized and infringing use by the Defendant of the Protected Work will, unless enjoined, cause irreparable harm, damage and injury to Plaintiff in that the unauthorized copying, use, distribution and display of the Protected Work will severely diminish the value of the Protected Work, constitute unfair competition with Plaintiff's exclusive right to the use of the Protected Work and dilute the market for the Protected Work.

**ANSWER:** Paragraph 16 contains legal conclusions and, to that extent, does not require an answer. To the extent an answer is required, Yellowbook denies the allegations in Paragraph 16.

17.     Plaintiff has employed the services of the law firm of Parrish, Lawhon & Yarnell, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

**ANSWER:** Yellowbook is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations set forth in Paragraph 17 and, therefore, denies the allegations in Paragraph 17.

Yellowbook denies the claims and allegations contained in Plaintiff's WHEREFORE clause and states that Plaintiff is not entitled to any relief whatsoever.

WHEREFORE, Yellowbook Inc. respectfully prays that this Court find that Defendant Yellowbook Inc. is not responsible to Plaintiff David Greenlee for copyright infringement, enter judgment in favor of Defendant Yellowbook Inc., award Defendant Yellowbook, Inc. its reasonable attorneys' fees and costs, and grant any further relief that it deems just and proper.

## AFFIRMATIVE DEFENSES

Expressly denying any and all wrongdoing, Yellowbook reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by evidence later developed or facts later learned without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its right to amend or supplement its responses to Plaintiff's Complaint, as well as its affirmative defenses, as additional information is gathered through discovery.

**FIRST AFFIRMATIVE DEFENSE**

Due to the date of the allegedly infringing publications, Plaintiff's claim is barred in whole or in part by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Because of Plaintiff's delay in taking action against Yellowbook regarding Yellowbook's allegedly infringing activity and the prejudice this has caused Yellowbook, Plaintiff's claim is barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has suffered any damages, those damages were caused in whole or in part by other persons or entities including, but not limited to, All Injuries Law Firm, P.A. and/or Brian O. Sutter.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has suffered any damages, those damages have been satisfied by a settlement agreement with All Injuries Law Firm, P.A. and/or Brian O. Sutter in the case *David Greenlee v. All Injuries Law Firm, P.A., & Brian O. Sutter*, Case No. 2:11-cv-00428-JES-DNF, United States District Court for the Middle District of Florida.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the defense of settlement and release, given Plaintiff's settlement of these claims in the case *David Greenlee v. All Injuries Law Firm, P.A., & Brian O. Sutter*, Case No. 2:11-cv-00428-JES-DNF, United States District Court for the Middle District of Florida.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff impliedly or explicitly authorized Yellowbook's and/or All Injuries Law Firm, P.A.'s and/or Brian O. Sutter's use of the photographs, and, therefore, Plaintiff's claim is barred by the doctrine of license.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has suffered any damages, Plaintiff has failed to mitigate his damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Any alleged copyright infringement was the result of the actions of All Injuries Law Firm, P.A. and/or Brian O. Sutter, who provided the allegedly infringing advertisements to Yellowbook.  Further, All Injuries Law Firm, P.A. and Brian O. Sutter have agreed to indemnify Yellowbook for any alleged copyright infringement caused by the advertisements.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has consented to the allegedly infringing use of the photographs at issue because he provided those photographs to All Injuries Law Firm, P.A. and/or Brian O. Sutter for use in the allegedly infringing advertisements.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not joined one or more indispensable parties.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of waiver, pursuant to which Plaintiff has relinquished any right to seek relief from Yellowbook.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Florida's economic loss rule.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Florida's statute of frauds.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any award to Plaintiff in this action would constitute unjust enrichment.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint and each purported claim against Yellowbook are barred by the doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of issue preclusion or collateral estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of claim preclusion or res judicata.

### NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's actions violated the law and/or public policy.

### TWENTIETH AFFIRMATIVE DEFENSE

Because Plaintiff has an adequate remedy at law, no basis exists for the granting of injunctive relief.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for vicarious and/or contributory infringement. By failing to identify any act of direct infringement by a third party, Plaintiff has failed to allege sufficient facts to support a claim for vicarious and/or contributory infringement. Yellowbook cannot be vicariously or contributorily liable for its own allegedly infringing activities.

### DEMAND FOR JURY TRIAL

Yellowbook demands a jury trial on all issues so triable in connection with the Complaint and Answer.

WHEREFORE, Defendant Yellowbook Inc. respectfully prays that this Court find that Defendant Yellowbook Inc. is not responsible to Plaintiff David Greenlee for copyright infringement, enter judgment in favor of Defendant Yellowbook Inc., award Defendant Yellowbook Inc. its reasonable attorneys' fees and costs, and grant any further relief that it deems just and proper.

Dated: June 15, 2012　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**MCGUIREWOODS LLP**


By:　*/s/ R. Eric Bilik*　　　　　　　　　
　　　R. Eric Bilik**,** Esq.
　　　Florida Bar No. 0987840
　　　50 N Laura St., Suite 3300
　　　Jacksonville, FL 32202
　　　Telephone: (904) 798-3200
　　　Facsimile: (904) 360-6304
　　　Email: ebilik@mcguirewoods.com

*Attorneys and Trial Counsel for Defendant Yellowbook, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2012, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Anthony Lawhon, Esq.
Parrish Lawhon & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, FL  34109
(239) 566-2013
(239) 566-9561 (fax)
tonlawhon@napleslaw.us


　　　　　　　　　　　　　　　　　　　　*/s/ R. Eric Bilik*　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　R. Eric Bilik

\39930111.2